**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————X

TAMARA WAREKA p/k/a/ TAMARA
WILLIAMS,

               Plaintiff,

     -against-

BEAUTY PRO NYC INC. and DOES
1 through 10 inclusive,

              Defendants.

———————————————————————X

24 Civ. 2025 (CM)(OTW)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/2/2026

## MEMORANDUM DECISION AND ORDER ADOPTING IN PART AND AMENDING IN PART THE REPORT AND RECOMMENDATION OF THE HON. ONA T. WANG

McMahon, J.:

### I.    Background

Tamara Williams filed suit on March 18, 2024, against Defendant Beauty Pro NYC Inc. (the "corporate Defendant") and ten unidentified individuals, alleging infringement of the Copyright Act, 17 U.S.C. § 101 et seq., and the Digital Millenium Copyright Act (DMCA), 17 U.S.C. § 1202. Both violations stem from Beauty Pro NYC Inc. posting a copyrighted and registered photograph taken by the Plaintiff and bearing her watermark (the "Beauty Photograph") on Beauty Pro's Instagram page. The Doe Defendants have not been identified or served, and the Plaintiff is apparently content to proceed solely against the corporate Defendant, at least at this juncture. Because the statute of limitations has not run, the Doe Defendants are hereby dismissed from this case without prejudice.


Copies mailed/faxed/handed to counsel on 2/2/2026

The corporate Defendant was served through the Secretary of State of New York on or about April 23, 2024. The Defendant defaulted, and the Plaintiff obtained both a Certificate of Default from the Clerk of Court and moved for a default judgment, as required by this Court's rules, on September 4, 2027. This Court entered a default judgment against the corporate Defendant on October 7, 2024. I referred the matter to the assigned Magistrate Judge, The Hon. Ona T. Wang, for an inquest.

At the inquest, Plaintiff sought $15,000 in statutory damages for the willful infringement of her copyright and $2,500 in statutory damages for a single violation of the DMCA, plus attorneys' fees and costs. Defendant defaulted at inquest, so Judge Wang had only Plaintiff's submission.

The learned Judge Wang correctly stated the applicable law relating to default judgments and concluded that the complaint pleaded facts that made out a willful infringement of the Plaintiff's copyright and a violation of the DMCA. No objections were filed to this part of Judge Wang's Report and Recommendation ("R&R"). I thus accept and adopt pages 2 through the middle of page 10 of the R&R as my conclusions of law and deem them incorporated into this memorandum order.

No party objects to Judge Wang's award of attorneys' fees in the amount of $2,226.25 and costs in the amount of $862, both of which are entirely reasonable and supported with adequate evidence. I thus adopt Subsection D of the R&R (from the middle of page 17 through the middle of page 20) as my own findings and conclusions.

Judge Wang concluded that the Plaintiff was entitled only to $5,000 in statutory damages for the infringement of her copyright and was not entitled to any damages for the DMCA violation. Plaintiff has filed timely objections to both of those rulings. Defendant remains in default.

## II.    Discussion

After reviewing the objections, I find that I concur with the Plaintiff, and I modify Judge Wang's recommendation to award the amounts requested by Plaintiff: $15,000 in statutory damages for the corporate Defendant's willful infringement of her copyright, and $2,500 in statutory damages for Defendant's one-off violation of the DMCA, for a total of $17,500 in statutory damages.

At the inquest, a plaintiff's request for damages in a particular amount is not presumed to be true, but must be supported by evidence. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). As the learned Magistrate Judge observed, when the plaintiff has not licensed the infringed work, and so is unable to provide the court with information about the amount that she has previously charged to license the work in suit, she may present other evidence from which the court can conclude that the amount of statutory damages she seeks either is or is not reasonable under the circumstances.

In this case, the Plaintiff presented the court with evidence of two prior licenses. The first was a license she entered into with a Canadian beauty company that wished to use a different copyrighted photograph taken by the Plaintiff; that license was for $9,700 and permitted the licensee to post the photograph in three brick and mortar stores, for a period of one month, and to use it in one email advertisement (the "2018 License"). The second was a license she granted to a skin care company, authorizing the use of her photograph for a period of three years, with use staggered over that period among three different markets (one at a time); the fee for this license was $5,600 (the "2020 License"). Plaintiff also testified that $5,000 is her lowest license fee, and asks for damages three times that amount.

The learned Magistrate Judge concluded that neither of the prior licenses was probative of what the Plaintiff would charge for a single use of one of her photographs in a social media post on the internet. I disagree.

The 2018 License is for a single photograph taken by this Plaintiff, which ran for a term of one month and did not involve displaying it online. The statutory damages sought here are for a violation of the Plaintiff's copyright in a single photograph—as was the case with the 2018 License—but on the internet. The different circumstances, in my opinion, militate in favor of a statutory damages award that is greater than the amount charged for the 2018 License, rather than a lesser amount. For one thing, an infringing photograph posted on the internet could be viewed by hundreds or even thousands of potential customers, in New York City and beyond; the 2018 License, by contrast, extended only to brick and mortar establishments (where the photograph could be seen only by persons who frequented those establishments during the one-month campaign) and to a single email advertisement (a one-time event visible only to those who received the email). Additionally, it appears that the Beauty Photograph was posted online for a period longer than the one-month duration of the 2018 License; it remained on Beauty Pro's Instagram page after the Plaintiff sent a letter telling the Defendant to cease the infringing use.

I also disagree with the learned Magistrate Judge's assessment of the need for deterrence. As Judge Wang correctly concluded, the infringement here was willful; the Defendant's willfulness was established by the facts that (1) the Beauty Photograph bore Plaintiff's watermark; and (2) the infringing post was not taken down after the Defendant was contacted and warned that it was not licensed to use the Plaintiff's photograph. Moreover, the Defendant declined to respond to the Plaintiff's cease and desist letter. Therefore, the award should be sufficient to reflect the rather obvious need to deter future copyright infringement on the part of this particular defendant.

Nor do I concur with the learned Magistrate Judge's assessment of the irrelevance of the Defendant's default. I am not one of those judges who believes that the only relevant consideration in assessing infringer cooperation is whether the defendant actively concealed evidence of its wrongdoing; rather, I think that a defendant's default evidences an attitude of non-cooperation. By not appearing in this lawsuit—after being apprised of the existence of a dispute and refusing to resolve it—and then by ignoring the inquest, the Defendant has both trespassed on the court's time and prevented the Plaintiff from obtaining any discovery that might have enabled it to provide the court with better evidence. And where, as here, the Plaintiff has been entirely reasonable— particularly by trying to resolve this matter short of litigation and then not demanding a ridiculous amount of damages—the "conduct and attitude of the parties" factor weighs very strongly in the Plaintiff's favor and against the defaulting Defendant.

The Plaintiff here has not asked for the sun and the moon, as many plaintiffs are wont to do in copyright infringement cases where statutory damages are at issue. Rather, she asks for the sum of $15,000, which is approximately 50% more than the amount for which she licensed a different single photograph eight years ago for a very short period of time (one month). Accounting for inflation (the cumulative amount of which between 2018 and 2023 is approximately 20%, and between 2018 and 2024 is approximately 25%)[1] and the Defendant's willfulness and non-cooperation (which counsel in favor of a larger award), the Plaintiff's requested amount is entirely reasonable. Both the circumstances of the Defendant's infringing post and its willfulness augur for statutory damages that exceed the value of the 2018 License. (I find the 2020 License to be less probative, but that is ultimately irrelevant.)

---

[1] U.S. Bureau of Labor Statistics, *CPI Inflation Calculator*, https://www.bls.gov/data/inflation_calculator.htm (last visited Jan. 30, 2026).

I also disagree with the learned Magistrate Judge that a minimal award of $2,500 for the Defendant's violation of the DMCA was not warranted in this case. It is simply not true that the Plaintiff cannot recover damages under the DMCA as a matter of law in the circumstances presented here. As noted in the R&R, a plaintiff can recover under both the Copyright Act and the DMCA for the same violation, because the two statutes protect different interests. *Agence France Presse v. Morel*, 2014 WL 3963124, at *10 (S.D.N.Y. Aug. 13, 2014). And while a plaintiff must distinguish between the two types of injury in order to avoid duplicative recovery, courts in this district "often award the minimum figure where . . . there is little or no evidence to show that the DMCA violation increased the actual injury to the plaintiff, and the damages submission is 'bareboned.'" *Miller v. Netventure24 LLC*, 2021 WL 3934262, at *8 (S.D.N.Y. Aug. 6, 2021).

That is the case here. The Plaintiff suffered an injury simply by virtue of the Defendant's violation of the DMCA. She was unable to demonstrate that the DMCA violation increased her actual injury (which was the loss of a license fee, compensated, in this case, by statutory damages). Therefore, the solution is not to award no damages for the DMCA violation, but to award the statutory minimum.

I thus reject the Recommendation to the extent of the amount of statutory damages for the Defendant's violation of the Copyright Act and the amount of statutory damages for the Defendant's violation of the DMCA. I award the Plaintiff $15,000 for the former and $2,500 for the latter.

As noted above, I concur with the learned Magistrate Judge's award of costs and of attorney's fees. However, the Plaintiff is also entitled to recover attorney's fees incurred in filing the successful objection. Plaintiff's counsel has ten business days from the date when this decision

is posted on ECF to send the court (1) proof of attorney's fees incurred in connection with the preparation of the Objection; and (2) a proposed final judgment for entry by the court.

### III.    Conclusion

The Report and Recommendation of The Hon. Ona T. Wang is accepted in part and amended in part per this opinion. The complaint is dismissed as against the Doe Defendants without prejudice.

This constitutes the decision and order of the Court; it is a written decision.

Dated: February 2, 2026

Hon. Colleen McMahon
United States District Court Judge

BY ECF TO COUNSEL FOR THE PLAINTIFF

BY FIRST CLASS MAIL TO DEFENDANT AT THE FOLLOWING ADDRESS:

Beauty Pro NYC Inc.
2 West 46th Street #806
New York, NY  10036